The Court

charged the jury: That the action would lie by virtue of the statute, but no designation of the close by abuttals or by other description was necessary, under the provisions of it, except in an action of trespass quare clausem fregit; the object of which was to avoid the plea of liberum *197 tenementwn, and to dispense with the necessity of a novel' assignment in reply to it; which, however, did not apply in the present form of action. The allegation was therefore altogether immaterial, and required no evidence to sustain it. The principle, as stated by the counsel for the plaintiff, in regard to every wrongful entry on the lands of another, was also correct, for every such entry was in itself a trespass, in which the law implied damage; but the principle would not apply in this case if the entry was on the public road merely, which all persons had a right to enter on, and not upon the possession of the plaintiff outside of the limits of it. In no case, however, could they allow any damage for the material taken away, for no damage of that kind had been proved.
Booth, for plaintiff.
McCauley, for defendant.
The defendant had a verdict.